# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**RUDY PAYNE**
    **Petitioner-defendant,**

 v.             **Case No. 18-C-868**
                 **(Criminal Case No. 16-CR-13)**
**UNITED STATES OF AMERICA**
    **Respondent-plaintiff.**

## RULE 4 ORDER

Petitioner Rudy Payne moves to vacate his sentence pursuant to 28 U.S.C. § 2255. I deny the motion on Rule 4 screening.

## I.

The government charged petitioner with conspiracy to commit Hobbs Act robbery, three substantive violations of the Hobbs Act, 18 U.S.C. § 1951(a), and a single count of brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c). On November 7, 2016, pursuant to an agreement with the government, he pleaded guilty to the three substantive Hobbs Act violations and the § 924(c) count, with the conspiracy count to be dismissed. On October 27, 2017, I sentenced him to 16 months on the three robbery counts, running concurrently, and 84 months consecutive on the § 924(c) count, for a total of 100 months in prison. He took no appeal. On June 7, 2018, he filed the instant motion under § 2255.

## II.

Section 2255 permits a federal prisoner challenge his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess

of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The district court must conduct a preliminary review of a § 2255 motion. If it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the prisoner is not entitled to relief, the court must dismiss the motion; if the motion is not dismissed, the court must direct the government to file a response. Rule 4, Rules Governing Section 2255 Proceedings.

**III.**

Petitioner challenges his § 924(c) conviction and sentence, relying on Sessions v. Dimaya, 138 S. Ct. 1204 (2018), in which the Court found unconstitutionally vague the "residual clause" of 18 U.S.C. § 16, which defines the term "crime of violence" the same as 18 U.S.C. § 924(c)(3).[1] His claim fails for three reasons.

First, petitioner waived the argument by pleading guilty. United States v. Starwalt, 701 Fed. Appx. 508, 509 (7th Cir. 2017) (citing United States v. Wheeler, 857 F.3d 742, 744-45 (7th Cir. 2017); Davila v. United States, 843 F.3d 729, 731-32 (7th Cir. 2016)).[2] Second, petitioner procedurally defaulted the claim by failing to it directly. See United States v. Frady, 456 U.S. 152, 167 (1982). A default can be overcome through a showing of cause and prejudice, and petitioner alleges in the motion that he did not appeal due to ineffective assistance of counsel (R. 1 at 4), which in some cases may constitute "cause." However, petitioner cannot show prejudice because of the third barrier to his claim – substantive Hobbs Act robbery is a crime

---

[1] In United States v. Cardena, 842 F.3d 959, 996 (7th Cir. 2016), the court held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague.

[2] The waiver is "doubly clear" because petitioner never moved to dismiss the § 924(c) count on the ground that the alleged predicate offense was not a crime of violence. Id. (citing Wheeler, 857 F.3d at 744).

2

of violence under the "elements clause" of § 924(c)(3). Starwalt, 701 Fed. Appx. at 509-10 (collecting cases).[3] The holding in Dimaya regarding the residual clause has no impact on his § 924(c) conviction and sentence.[4]

**IV.**

**THEREFORE, IT IS ORDERED** that petitioner's § 2255 motion (R. 1) is **DENIED**, and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated above, petitioner has not made such a showing, so I decline to issue a COA.

---

[3] Petitioner cites a district court case in which the judge found that Hobbs Act conspiracy is not a crime of violence. (R. 3 at 3-5.) However, petitioner's § 924(c) predicate offense is a completed/substantive Hobbs Act robbery, not a conspiracy, so this case does not help him.

[4] Petitioner requests that the court appoint counsel. (R. 3 at 11.) Under 18 U.S.C. § 3006A(a)(2), the district court may appoint counsel for a § 2255 petitioner if "the interests of justice so require." The court must appoint counsel if it determines that an evidentiary hearing is required to decide the motion, Rule 8(c) of the Rules Governing Section 2255 Proceedings, or if counsel is necessary for effective discovery, Rule 6(a) of the Rules Governing Section 2255 Proceedings. Because petitioner's motion fails to survive Rule 4 screening, counsel is not required, and because petitioner is able to articulate his claim, the claim is straightforward, and the claim lacks merit, the interests of justice do not support the discretionary appointment of counsel.

**IT IS FURTHER ORDERED** that petitioner's motion for leave to proceed without prepayment of the filing fee (R. 2) is denied as moot, as there is no filing fee for § 2255 actions in the district court.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge